(Reap. Dec. 10230)

UNIVERSAL ENTERPRISES, BY: FRANK P. DOW CO., INC., OF L.A. *v.*
UNITED STATES

Entry No. 4103, etc.

(Decided April 23, 1962)

*Lawrence & Tuttle* for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule "A," attached to and made a part of this decision, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the merchandise shipped by Nihon Chikuzai Kogei Co. Ltd., T. Higaki & Co. Ltd., and Hasegawa Shoten Co. of Japan.

2. That the said merchandise was appraised under Section 402, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

3. That no foreign value, as defined by Section 402(c), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, existed for such or similar merchandise.

4. That at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the unit invoice values less the proportionate share of the inland freight, storage, hauling and lighterage, insurance premium and petty shown on the invoices to be included in the unit invoice values.

5. That the appeals for reappraisement set forth in Schedule "A", as heretofore limited, are submitted on this stipulation.

Accepting this stipulation as an agreed statement of facts, I find and hold that export value, as defined in section 402(d) of the Tariff Act of 1930, is the proper basis for determination of the values of the merchandise shipped by Nihon Chikuzai Kogei Co., Ltd., T. Higaki

& Co., Ltd., and Hasegawa Shoten Co. of Japan, described in the invoices covered by the entries in these appeals for reappraisement, and that such values of the respective items of merchandise are the unit invoice values, less the proportionate share of the inland freight, storage, hauling and lighterage, insurance premium, and petties, all as shown on the invoices which are included in the official papers filed with the court in the several suits.

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.